# Kramer Levin

| | |
|---|---|
| John P. Coffey<br>Partner<br>T 212.715.9456<br>F 212.715.8456<br>scoffey@kramerlevin.com | 1177 Avenue of the Americas<br>New York, NY 10036<br>T 212.715.9100<br>F 212.715.8000 |

April 26, 2019

<u>Via ECF</u>

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   *Nasdaq, Inc. v. Exchange Traded Managers Group, LLC et al.*
         <u>No. 1:17-CV-08252 (PAE)</u>

Dear Judge Engelmayer:

In advance of the pretrial conference this afternoon, we write on behalf of Defendants to respond to the portion of Mr. Axelrod's April 25 letter (D.E. 116) requesting that the Court strike certain evidence concerning the competitive trend among ETF issuers towards lower management fees, known as "fee compression." None of Nasdaq's requests should be granted.

First, there is no reason to strike any portion of Dr. May's direct testimony affidavit. The issue of fee compression was raised by *both* sides during expert discovery: both Dr. Juneja (Nasdaq's expert) and Dr. May were questioned about it at some length in their depositions. *See* excerpts attached hereto as Ex. A and B, respectively. Thus, the brief presentation on this issue in Dr. May's affidavit is hardly an 11th hour surprise, and no purpose would be served by striking it. *See, e.g.*, *Hunt v. CNH Am. LLC*, 857 F. Supp. 2d 320, 339 (W.D.N.Y. 2012) ("To the extent that Docket No. [#29] contains new information, that exceeds the scope of Holcomb's written report *and deposition testimony*, as opposed to merely restating Holcomb's earlier opinions, the Court agrees that it violates FRCP 26(a)(2)(B), and is subject to exclusion pursuant to FRCP 37(c)(1).") (emphasis added); *Revlon Consumer Prods. Corp. v. Estee Lauder Cos., Inc.*, No. 00 Civ. 5960, 2003 WL 21751633, at *4 (S.D.N.Y. July 30, 2003) (granting Estee Lauder's motion to strike portions of expert's summary judgment affidavit that went "beyond his preliminary report, rebuttal report and *deposition testimony*") (emphasis added).

Even if the additional testimony were viewed as technically noncompliant with Rule 26(a)(2)(B), it should not be stricken pursuant to Rule 37(c)(1) because the delay was "substantially justified" or "harmless." The only case Nasdaq cites on this point, *Mobileye, Inc. v. Picitup Corp.*, 928 F. Supp. 2d 759 (S.D.N.Y. 2013), acknowledged this rule but struck a new expert report submitted months after the deadline that reintroduced portions of a supplemental report the court had already *excluded*, added new opinions on which the defendant had no opportunity to depose the expert, and contradicted the expert's prior reports and deposition

The Honorable Paul A. Engelmayer
April 26, 2019



testimony.  *Id.* at 766-67.  Here, in contrast, Dr. May simply added a few paragraphs that paralleled deposition testimony *elicited by Nasdaq's counsel* within the discovery deadline – both substantially justified and harmless.[1]

Nasdaq also seeks to strike Mr. Masucci's brief discussion of fee compression – describing facts within his personal knowledge and his understanding as a businessman of the challenges facing his industry – an issue Mr. Masucci has wrestled with personally, as demonstrated by the Trust's Board minutes (DX-417, DX-419, DX-425), exhibits as to which Nasdaq has *withdrawn* its objections.

The testimony is doubly relevant and admissible now that Nasdaq has surfaced with a theory never advanced in its Complaint or prior papers: that Mr. Masucci's recommendation that the Board reduce the HACK fee from 75 to 60 basis points (the same fee as CIBR and consistent with the trend towards fee compression) was unjustified and in bad faith.  *See* D.E. 97 (Nasdaq PFF), at ¶ 135.  Mr. Masucci is entitled to show his understanding of industry trends as one factor justifying – and, in his judgment, requiring – the fee reduction.  Nasdaq has already questioned Mr. Masucci regarding the fee reduction at his deposition (excerpts attached hereto as Ex. C), and it will be free to cross-examine him at trial regarding his affidavit.  The proffered industry periodical articles reporting on the fee compression trend are admissible on similar grounds: to show general understanding of this trend within the industry and refute Nasdaq's argument that Mr. Masucci's recommendation was untethered to observations about fee compression in the marketplace.

We will be happy to discuss these and all other pending issues further at this afternoon's conference.  Thank you for your consideration.

Respectfully submitted,

/s/ John P. Coffey
John P. Coffey

Enclosures

---

[1] In the context of withdrawing certain objections, Nasdaq confusingly also seems to object to Dr. May's submission of a new version of DX-800, his original expert report.  April 25 Letter at 3.  However, this report is "amended" only to the extent of *removing* (1) a category of damages to which Nasdaq had objected and (2) one fund erroneously included as an ISE-supported ETF as to which ETFMG is entitled to AUM-based wholesaling fees, with corresponding reductions to ETFMG's damages.